Ronald Lovitt (CA No. 40921)
J. Thomas Hannan
Henry I. Borein
LOVITT & HANNAN, INC.
900 Front Street, Suite 300
San Francisco, CA  94111
415.362.8769 (voice)/415.362.7528 (fax)

Lynn Lincoln Sarko *(pro hac vice)*
Britt L. Tinglum *(pro hac vice)*
KELLER ROHRBACK, L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA  98101-3052
206.623.1900 (voice)/206.623.3384 (fax)

Ron Kilgard
R. Douglas Dalton
DALTON GOTTO SAMSON & KILGARD, P.L.C.
3101 North Central Avenue, Suite 900
Phoenix, AZ  85012-2600
602.248.0088 (voice)/602.248.2822 (fax)

Todd S. Collins
Jacob Goldberg
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
215.875.3000 (voice)/215.875.4604 (fax)

Attorneys for Plaintiff RUTH A. SPINDLER, et al.,
On Behalf of Themselves and All Others Similarly Situated

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| In re PROVIDIAN FINANCIAL CORP. SECURITIES LITIGATION | ) ) ) | Master File No. C 01-3952 CRB |
| _____ | ) | |
| ***This Document Relates to:*** | ) ) | |
| _____ | ) | |

AMENDED COMPLAINT FOR VIOLATIONS OF THE
EMPLOYEE RETIREMENT INCOME SECURITY ACT
Case No. C-01-CV-5220(BZ); Page 1

| | |
|---|---|
| RUTH A. SPINDLER, CARLA CASTILLO-BLANQUERA, CHARLENE OWEN, DAVID PETERS, JOEL KRUEGER, THERESA HENDRIX, CHRISTIAN SOMMER, DIANE NEWBERRY, PHILIP EDWARDS, PATRICIA SPINOLA, CYNTHIA BOYAJIAN, PATRICIA DANNER, KEVIN FUKUDA, DELPHINE ANDERSON, NANCY MCKISKI, SANDRA MARTIN, DIANA WALLER, GARY RYAN, AND KEITH DANIELS, on behalf of themselves and as a class of persons similarly situated, | No. C-01-CV-5220(BZ)<br><br>AMENDED COMPLAINT FOR VIOLATIONS OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT<br><br>-and-<br><br>CERTIFICATION OF INTERESTED ENTITIES OR PERSONS |

```
                                        )
                              Plaintiffs, )   CLASS ACTION COMPLAINT
                                        )
        v.                              )
                                        )
PROVIDIAN FINANCIAL CORPORATION,        )
a Delaware corporation,                 )
                                        )
                              Defendant. )
_____)
```

For their Complaint against Defendant, Plaintiffs allege as follows:

## NATURE OF THE ACTION

1.  This is a civil enforcement action brought pursuant to section 502 of the Employee Retirement Income Security Act ("ERISA") (29 U.S.C. § 1132).

2.  The lawsuit concerns the Providian Financial Corporation 401(k) Plan (the "Plan"), a 401(k) plan established by Providian Financial Corporation ("Providian" or the "Company") as a benefit for its employees to permit tax-advantaged savings for retirement and other long-term goals.

3.  The Plaintiffs, Ms. Ruth A. Spindler, Ms. Carla Castillo-Blanquera, Ms. Charlene Owen, Mr. David Peters, Mr. Joel Krueger, Ms. Theresa Hendrix, Mr. Christian Sommer, Ms. Diane Newberry, Mr. Philip Edwards, Ms. Patricia Spinola, Ms. Cynthia Boyajian, Ms. Patricia Danner, Mr. Kevin Fukuda, Ms. Delphine Anderson, Ms. Nancy McKiski, Ms. Sandra Martin, Ms. Diana Waller, Mr. Gary Ryan, and Mr. Keith Daniels (the "Plaintiffs") bring this action on behalf of all current and former Providian employees and beneficiaries of the Plan. They claim that Providian is a fiduciary of the Plan, and that it breached its fiduciary duties to themselves

and the other participants and beneficiaries of the Plan in violation of ERISA § 409 (29 U.S.C. § 1109) in a variety of ways, especially in connection with the Plan's holdings of company stock. And they claim that Providian is obliged, under ERISA, to make good to the Plan the loss it has suffered as a result of its fiduciary breaches.  These losses have yet to be calculated, but they will run to the tens of millions of dollars.

4.      Because their claims apply to the participants and beneficiaries as a whole, and because ERISA authorizes participants such as the Plaintiffs to sue for plan-wide relief for breaches of fiduciary duty, they seek to bring this action on behalf of themselves and the class of all the participants and beneficiaries of the Plan during the relevant period.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and the specific jurisdictional statute for claims of this type, ERISA § 502(e)(1) (29 U.S.C. § 1132(e)(1)).

6.      This Court has personal jurisdiction over Providian because its principal place of business is in this district.

7.      Venue is properly laid in this district pursuant to ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) because the Plan was administered in this district, some or all of the fiduciary breaches for which relief is sought occurred in this district, and Providian is found in this district.

## THE PLAN

8.      The Plan is an "employee pension benefit plan" within the meaning of ERISA § 3(2)(A) (29 U.S.C. § 1002(2)(A)).  Further, it is an "eligible individual account plan" within the meaning of ERISA § 407(d)(3) (29 U.S.C. § 1107(d)(3)) and also a "qualified cash or deferred arrangement" within the meaning of I.R.C. § 401(k) (26 U.S.C. § 401(k)).  The Plan is not a party to this action.  Pursuant to ERISA, however, the relief requested in this action is for the benefit of the Plan.

9.      Providian is the sponsor of the Plan.  Its Sponsor Identification Number is 94-2933952 and the Plan Number is 001.

10.     The participants of the Plan, depending on various factors, were permitted to contribute certain percentages of their eligible base pay to the Plan.  Participants directed the investment of their contributions to the various investment options available in the Plan.

11.     Most of these options were diversified mutual funds.  However, the options also included Providian stock.

12.     Providian matched the participants' contributions, at certain specified percentages, by making contributions to the participants' accounts in Providian stock.  For example, in the case of Ms. Spindler, from January 1, 2001, until the termination of her employment, matching contributions were made on January 2, January 16, January 26, February 9, February 23, March 12, March 23, April 26, May 4, July 18, July 27, and August 10. Matching investments were frozen in Providian stock, in most cases for several years, based on various circumstances.

## THE PARTIES TO THIS ACTION

13.     Plaintiff Ruth A. Spindler is a resident of Shingle Springs, California.  She was a participant in the Plan and held Company stock in her retirement account and was damaged thereby.

14.     Plaintiff Carla Castillo-Blanquera is a resident of Sacramento, California.  She was a participant in the Plan and held Company stock in her retirement account and was damaged thereby.

15.     Plaintiff Charlene Owen is a resident of Napa, California.  She was a participant in the Plan and held Company stock in her retirement account and was damaged thereby.

16.     Plaintiff David Peters is a resident of Richmond, California.  He was a participant in the Plan and held Company stock in his retirement account and was damaged thereby.

AMENDED COMPLAINT FOR VIOLATIONS OF THE
EMPLOYEE RETIREMENT INCOME SECURITY ACT
Case No. C-01-CV-5220(BZ); Page 4

N:\CLIENTS\25535\1\PLEADINGS\AMENDED.COMPLAINT.03142002.DOC

17.     Plaintiff Joel Krueger is a resident of Gold River, California.  He was a participant in the Plan and held Company stock in his retirement account and was damaged thereby.

18.     Plaintiff Theresa Hendrix is a resident of Citrus Heights, California.  She was a participant in the Plan and held Company stock in her retirement account and was damaged thereby.

19.     Plaintiff Christian Sommer is a resident of San Francisco, California.  He was a participant in the Plan and held Company stock in his retirement account and was damaged thereby.

20.     Plaintiff Diane Newberry is a resident of Fremont, California.  She was a participant in the Plan and held Company stock in her retirement account and was damaged thereby.

21.     Plaintiff Philip Edwards is a resident of Concord, California.  He was a participant in the Plan and held Company stock in his retirement account and was damaged thereby.

22.     Plaintiff Patricia Spinola is a resident of San Leandro, California.  She was a participant in the Plan and held Company stock in her retirement account and was damaged thereby.

23.     Plaintiff Cynthia Boyajian is a resident of Elk Grove, California.  She was a participant in the Plan and held Company stock in her retirement account and was damaged thereby.

24.     Plaintiff Patricia Danner is a resident of Henderson, Nevada.  She was a participant in the Plan and held Company stock in her retirement account and was damaged thereby.

25.     Plaintiff Kevin Fukuda is a resident of Las Vegas, Nevada.  He was a participant in the Plan and held Company stock in his retirement account and was damaged thereby.

26.     Plaintiff Delphine Anderson is a resident of North Las Vegas, Nevada.  She was a participant in the Plan and held Company stock in her retirement account and was damaged thereby.

27.     Plaintiff Nancy McKiski is a resident of Henderson, Nevada.   She was a participant in the Plan and held Company stock in her retirement account and was damaged thereby.

28.     Plaintiff Sandra Martin is a resident of Henderson, Nevada.  She was a participant in the Plan and held Company stock in her retirement account and was damaged thereby.

29.     Plaintiff Diana Waller is a resident of Las Vegas, Nevada.  She was a participant in the Plan and held Company stock in her retirement account and was damaged thereby.

30.     Plaintiff Gary Ryan is a resident of Las Vegas, Nevada.  He was a participant in the Plan and held Company stock in his retirement account and was damaged thereby.

31.     Plaintiff Keith Daniels is a resident of Castroville, Texas.  He was a participant in the Plan and held Company stock in his retirement account and was damaged thereby.

32.     The following chart summarizes the number of shares held by each Plaintiff in the Plan.

| Plaintiff: | Shares Held: |
| --- | --- |
| Ruth Spindler | 62.725 |
| Carla Castillo- Blanquera | 77.797 |
| Charlene Owen | 250.448 |
| David Peters | 936.702 |
| Joel Krueger | 237.457 |
| Theresa Hendrix | 45.356 |
| Christian Sommer | 322.991 |
| Diane Newberry | 1285.259 |
| Philip Edwards | 1729.439 |
| Patricia Spinola | 174.258 |
| Cynthia Boyajian | 174.399 |
| Patricia Danner | 80.31 |
| Kevin Fukuda | 120.229 |
| Delphine Anderson | 32.547 |
| Nancy McKiski | 184.175 |
| Sandra Martin | 124.983 |
| Diana Waller | 6.485 |

| Gary Ryan | 125.588 |
| Keith Daniels | 107.756 |

33.     Defendant Providian is a Delaware corporation with its principal place of business and chief executive offices at 201 Mission Street, 28th Floor, San Francisco, California 94105-1831.  Providian is in the business of consumer lending.  Providian's stock is publicly traded under the symbol PVN.

## APPROPRIATENESS OF CLASS ACTION

34.     Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and as a class (the "Class") of all persons similarly situated. The Class itself consists of all persons who were participants in or beneficiaries of the Plan at any time from July 17, 2001, to the present (the "Class Period").

35.     Plaintiffs meet the prerequisites to bring this action on behalf of the Class because:

- **Numerosity.**  The Class consists of thousands of individuals and is so numerous that joinder of all members as individual plaintiffs is impracticable.

- **Commonality.**  There are questions of law and fact common to the Class.

- **Typicality.**  Plaintiffs' claims are typical of the claims of the class.

- **Adequacy.**  Plaintiffs will fairly and adequately protect the interests of the Class. They have no interests that are antagonistic to or in conflict with the interest of the Class as a whole, and they have engaged competent counsel, highly experienced in ERISA class actions concerning employer securities in 401(k) plans, as well as in other class and complex litigation, to ensure protection of the interests of the Class as a whole.

36.     As an ERISA breach of fiduciary duty action for plan-wide relief, this is a classic Rule 23(b)(1)(B) class action.  The prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class which

AMENDED COMPLAINT FOR VIOLATIONS OF THE
EMPLOYEE RETIREMENT INCOME SECURITY ACT
Case No. C-01-CV-5220(BZ); Page 7

would, as a practical matter, be dispositive of the interests of the other members not party to the adjudications or substantially impair or impede their ability to protect their interests. However, this action is also maintainable as a class action under the other subsections (b) of Rule 23:

- Rule 23(b)(1)(B). The prosecution of separate actions by the members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, which would establish incompatible standards of conduct for Defendant.

- Rule 23(b)(2). The Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive, declaratory, or other appropriate equitable relief with respect to the Class as a whole.

- Rule 23(b)(3). Questions of law and fact common to members of the Class predominate over any questions affecting only individual members, and the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## PROVIDIAN'S FIDUCIARY STATUS

37. During the Class Period, Providian was a fiduciary of the Plan, both as a named fiduciary and a de facto fiduciary.

38. **Named Fiduciary.** ERISA requires every plan to provide for one or more named fiduciaries, who will have "authority to control and manage the operation and administration of the plan." ERISA § 402(a)(1) (29 U.S.C. § 1102(a)(1)). During the Class Period, and before, the Company was named as the Plan Administrator, thereby automatically making itself an ERISA fiduciary pursuant to ERISA § 402(a)(1) (29 U.S.C. § 1102(a)(1)).

39. **De Facto Fiduciary.** ERISA treats as fiduciaries not only persons explicitly named as fiduciaries under section 402(a)(1), but also any other persons who act in fact as fiduciaries, i.e., perform fiduciary functions. ERISA § 3(21)(A)(i) (29 U.S.C. § 1002(21)(A)(i)) makes a person (including a juridical person such as the Company) a fiduciary "to the extent…he

exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management of disposition of its assets...").

40.     Instead of delegating fiduciary responsibility for the Plan to external service providers, as many plan sponsors do, Providian chose to comply with the requirement of section 402(a)(1) by internalizing the fiduciary function.  Providian itself, through its various employees and agents, in fact performed fiduciary functions, and thereby was a fiduciary under ERISA, quite aside from its status as a named fiduciary.

41.     An employer also acts in a fiduciary capacity under ERISA when it misleads employees about the character and prospects of the company for the purpose of affecting the employees' ERISA plan elections.  During the Class Period, Providian's communications with Plan participants included material misrepresentations and omissions to induce them to continue to invest in and maintain investments in the Company's shares in the Plan and to accept at face value investments in the Company's shares.  In this way, Providian also acted as a fiduciary under ERISA and therefore was a fiduciary.

## **FACTUAL BACKGROUND TO BREACHES OF FIDUCIARY DUTY**

42.     During the Class Period, and before, Providian was a diversified consumer lender, providing lending and deposit products to consumers in the United States and elsewhere. Providian provided lending and deposit products to customers across the entire credit spectrum, including customers new to credit or customers who had experienced credit problems in the past. Among other things, Providian offered to help customers build or rebuild their credit.

43.     During the Class Period, Providian employed more than 12,000 people.   In retaining existing employees and in recruiting prospective employees, Providian told employees that they would be expected to work hard but that they would be well rewarded for their efforts. In hiring and retaining its employees, Providian touted its compensation package as being one of the best in the business, stressing the value of its benefits plan, called Life Flex, which included the Plan.  Providian explicitly encouraged its employees to have an entrepreneurial work ethic

and to "take stock" in the company as shareholders, and indicated that employees would in return be rewarded for their hard work and dedication.

44.     Well before the Class Period began, Providian touted itself as experiencing consistent, impressive growth, as winning many awards in the process, and as continuing to demonstrate impressive results.

45.     In reality, Providian knew that its growth prospects were quite different from its past record and from what it was publicly indicating.  In June 2001, Providian, among other things, changed its processing of bankruptcy filings without proper disclosure of its change, thereby delaying the recognition of certain losses and overstating its earnings.  Shortly thereafter, members of Providian's senior management, including Shailesh J. Mehta, the President, CEO and Chairman of the Board of Providian, and David R. Alvarez, the President of Integrated Card Business (through which Providian provides credit card loans and other unsecured lines of credit) and Vice Chairman of the Board of Providian, sold many millions of dollars of their own stock in the Company.

46.     In response to the subsequent disclosure of its misconduct, Providian's stock price plummeted, and financial commentators severely criticized the lack of credibility of Providian's management.  Providian's stock price is today trading at approximately $5.00 a share.

47.     In short, by no later than the beginning of the Class Period, Providian and its executive officers knew or should have known of numerous questionable practices that made Providian's stock a highly inappropriate investment for a long-term retirement savings plan such as the Plan.

**<u>BREACHES OF FIDUCIARY DUTY</u>**

48.     ERISA section 404(a)(1)(A) (29 U.S.C. § 1104(a)(1)(A)) imposes on a plan fiduciary a duty of loyalty--that is, a duty to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and…for the exclusive purpose of…providing benefits to participants and its beneficiaries…."     Section 404(a)(1)(B) (29 U.S.C. §

1104(a)(1)(B) also imposes on a plan fiduciary a duty of prudence--that is, a duty to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and…with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man, acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims…."

49.     A plan fiduciary's duties of loyalty and prudence include a duty to disclose and inform.  This duty entails: 1) a negative duty not to misinform; 2) an affirmative duty to inform when the fiduciary knows or should know that silence might be harmful; and 3) a duty to convey complete and accurate information material to the circumstances of participants and beneficiaries.  This duty to disclose and inform recognizes the disparity that may exist, and in this case did exist, between the training and knowledge of the fiduciaries, on the one hand, and the participants and beneficiaries, on the other.  In a plan with various funds available for investment, this duty to inform and disclose also includes: 1) the duty to impart to plan participants material information of which the fiduciary has or should have knowledge that is sufficient to apprise the average plan participant of the risks associated with investing in any particular fund; and 2) the duty not to make material misrepresentations.

50.     By no later than the commencement of the Class Period, Providian breached its fiduciary duties to disclose and inform with respect to the Plan's use of employer stock as a plan investment.  During the Class Period, and before, any investment in employer stock in the Plan was an undiversified investment in a single company's stock.  As a result, any such investment carried with it an inherently high degree of risk.  These inherent risks made Providian's duty to provide complete and accurate information about investing in company stock even more important than would otherwise be the case.  Rather than providing complete and accurate information to the Plan participants and beneficiaries regarding the risks of investing in company stock in the Plan, Providian did the opposite:  It withheld and concealed material information during the Class Period, and before, and instead actively misled the participants and beneficiaries

of the Plan about the appropriateness of investing in company stock and about Providian's earnings prospects and business condition, thereby encouraging participants and beneficiaries of the Plan to continue to make and to maintain substantial investments in company stock in the Plan.

51.     A fiduciary's duties of loyalty and prudence also entail a duty to conduct an independent investigation into, and continually to monitor, the merits of all the investment alternatives in the Plan, including employer securities, to ensure that each investment is a suitable option for the plan.  Providian breached this duty of investigation and monitoring with respect to company stock.  By no later than the beginning of the Class Period, Providian could not have reasonably made a determination that company stock was a suitable investment for the Plan, either for a participant's discretionary account or for the match.  In fact, by the beginning of the Class Period, if not before, company stock was plainly an unsuitable investment option for the Plan.

52.     The fiduciary duty of loyalty also entails a duty to avoid conflicts of interest and to resolve them promptly when they occur.  A fiduciary must always administer a plan with an "eye single" to the interests of the participants and beneficiaries, regardless of the interests of the fiduciaries themselves or the plan sponsor.

53.     Providian breached its duty to avoid conflicts of interest and to promptly resolve them when they occur by continuing to allow company stock as a Plan investment during the Class Period, by failing to engage independent fiduciaries who could make independent judgments concerning the Plan's investment in company stock and who could provide information to participants and beneficiaries concerning company stock, and, generally, by failing to take whatever steps were necessary to ensure that the fiduciary of the Plan did not suffer from a conflict of interest, including the notification by the Department of Labor of the questionable transactions which made employer stock an unsuitable investment for the Plan.

54.     A fiduciary may not avoid his fiduciary responsibilities by relying solely on the language of the plan documents.  While the basic structure of a plan may be specified, within limits, by the plan sponsor, the fiduciary, including a plan sponsor-fiduciary, may not blindly follow the plan document if to do so leads to an imprudent result.  ERISA § 404(a)(1)(d) (29 U.S.C. § 1104(a)(1)(D)).

55.     To the extent that Providian followed the direction of the Plan documents, for example, in continuing to place the match in company stock during the Class Period, beginning no later than the match of July 18, 2001, it further breached its fiduciary duties.

### CAUSATION

56.     The Plan suffered a loss, and Plaintiffs and the other Class members were damaged, because substantial assets in the Plan were invested in company stock during the Class Period in violation of Defendant's fiduciary duties.  As of December 31, 1998, about $41 million of $100 million, or approximately 41% of the assets of the Plan, were in company stock.  Upon information and belief, by the beginning of the Class Period, the percentage was much higher.

57.     As a fiduciary, Providian was responsible for the prudence of investments in the Plan during the Class Period unless participants in the Plan themselves exercised effective and informed control over the assets in the Plan in its individual accounts pursuant to ERISA section 404(c) and the regulations promulgated under it.  Those provisions were not complied with here; instead of taking the necessary steps to ensure effective participant control by complete and accurate disclosure and regulatory compliance, Providian did exactly the opposite.  As a consequence, participants in the Plan did not control the Plan assets that were invested in company stock, and Providian remained entirely responsible for ensuring that such investments were and remained prudent.  Providian's liability to the Plan for damages stemming from imprudent Plan investments in company stock is therefore established upon proof that such investments were or became imprudent and resulted in losses in the value of the assets in the

Plan during the Class Period, without regard to whether or not the participants relied upon Providian's statements, acts, or omissions.

58.     The Plan also suffered a loss, and Plaintiffs and the other Class members were damaged, by Providian's above-described conduct during the Class Period, and before, because Providian's materially deceptive statements, acts, and omissions were fundamentally designed to deceive Plaintiff and the other Class members about the prudence of making and maintaining investments in company stock.   Where a breach of fiduciary duty consists of, or includes, misrepresentations and omissions material to a decision by a reasonable participant that results in harm to the participant, the participant is presumed as a matter of law to have relied upon such misrepresentations and omissions to his or her detriment.   Here, Providian's above-described statements, acts, and omissions constituted misrepresentations and omissions that were fundamentally deceptive concerning the prudence of investments in company stock and were material to any reasonable person's decision about whether or not to invest or maintain any part of its plan assets in company stock during the Class Period.   Plaintiffs and the other Class members are therefore presumed to have relied to its detriment on Providian's deceptive statements, acts, and omissions.

59.     Plaintiffs further contend that the Plan suffered a loss, and Plaintiffs and the other Class members were damaged, by Providian's above-described conduct during the Class Period, and before, because that conduct fundamentally deceived Plaintiffs and the other Class members about the prudence of making and maintaining investments in company stock, and that, in making and maintaining investments in company stock, Plaintiffs and the other Class members relied to their detriment upon Providian's materially deceptive statements, acts, and omissions.

## **REMEDY FOR BREACHES OF FIDUCIARY DUTY**

60.     ERISA § 502 (a) (2) (29 U.S.C. § 1132(a)(2)) authorizes a plan participant to bring a civil action for appropriate relief under section 409 (29 U.S.C. § 1109).   Section 409 requires "any person who is a fiduciary…who breaches any of the…duties imposed upon

AMENDED COMPLAINT FOR VIOLATIONS OF THE
EMPLOYEE RETIREMENT INCOME SECURITY ACT
Case No. C-01-CV-5220(BZ); Page 14

fiduciaries…to make good to such plan any losses to the plan…."  Section 409 also authorizes "such other equitable or remedial relief as the court may deem appropriate…."

61.    With respect to the calculation of the losses to a plan, breaches of fiduciary duty result in a presumption that, but for the breaches of fiduciary duty, the participants and beneficiaries in the plan would not have made or maintained their investments in the challenged investment and, where alternative investments were available, that the investments made or maintained in the challenged investment would have instead been made in the most profitable alternative investment available.  In this way, the remedy restores the values of the plan's assets to what they would have been if the plan had been properly administered.

62.    Plaintiffs and the Class are therefore entitled to relief from Providian in the form of: 1) a monetary payment from to the Plan to make good to the Plan the losses to the Plan resulting from the breaches of fiduciary duties alleged above in an amount to be proven at trial based on the principles described above, as required by ERISA § 409(a) (29 U.S.C. § 1109(a)); 2) injunctive and other appropriate equitable relief to remedy the breaches alleged above, as provided by ERISA §§ 409(a) and 502(a)(2)&(3) (29 U.S.C. §§ 1109(a) and 1132(a)(2)&(3)); 3) reasonable attorney fees and expenses as provided by ERISA § 502(g) (29 U.S.C. § 1132(g)), the common fund doctrine, and other applicable law; 4) taxable costs; and 5) interest on some or all of these amounts as provided by law.

**PRAYER**

In view of all of this, Plaintiffs and the Class pray for judgment against Providian for a monetary payment to the Plan, injunctive and other appropriate equitable relief, reasonable attorney fees and expenses, taxable costs, interest, and any other relief the Court deems just.

Respectfully submitted,

KELLER ROHRBACK L.L.P.


By ____/Britt L.Tinglum/_____
    Lynn Lincoln Sarko, WSBA #16569
    Ms. Britt L. Tinglum, WSBA #19090
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101
    Telephone:  (206) 623-1900
    Facsimile:  (206) 623-3384
    Attorneys for Plaintiffs

ADDITIONAL COUNSEL:

LOVITT & HANNAN, INC.
Ronald Lovitt (CA No. 40921)
J. Thomas Hannan (CA No. 39140)
Henry I. Bornstein (CA No. 75885)
900 Front Street, Suite 300
San Francisco, CA 94111
Telephone: (415) 362-8769
Facsimile:  (415) 362-7528

DALTON GOTTO SAMSON
    & KILGARD, P.L.C.
Ron Kilgard (AZ No. 005902)
Doug Dalton (AZ No. 004963)
3101 North Central Avenue, Suite 900
Phoenix, Arizona  85012-2600
Telephone:  (602) 248-0088
Facsimile:  (602) 248-2822

BERGER & MONTAGUE, P.C.
Todd S. Collins
Jacob Goldberg
1622 Locust Street
Philadelphia, Pennsylvania  19103
Telephone:  (215) 875-3000
Facsimile:  (215) 875-4604

CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

DATED this 14th day of March, 2002.

KELLER ROHRBACK L.L.P.


By ____/Britt L.Tinglum/_____
Lynn Lincoln Sarko, WSBA #16569
Ms. Britt L. Tinglum, WSBA #19090
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone:  (206) 623-1900
Facsimile:  (206) 623-3384
Attorneys for Plaintiffs

AMENDED COMPLAINT FOR VIOLATIONS OF THE
EMPLOYEE RETIREMENT INCOME SECURITY ACT
Case No. C-01-CV-5220(BZ); Page 17

N:\CLIENTS\25535\1\PLEADINGS\AMENDED.COMPLAINT.03142002.DOC

1  Ronald Lovitt (CA No. 40921)
   J. Thomas Hannan
2  Henry I. Bornstein
   LOVITT & HANNAN, INC.
3  900 Front Street, Suite 300
   San Francisco, CA  94111
4  415.362.8769 (voice)/415.362.7528 (fax)

5  Lynn Lincoln Sarko (*pro hac vice*)
   Britt L. Tinglum (*pro hac vice*)
6  KELLER ROHRBACK, L.L.P.
   1201 Third Avenue, Suite 3200
7  Seattle, WA  98101-3052
   206.623.1900 (voice)/206.623.3384 (fax)

8  Ron Kilgard
   R. Douglas Dalton
9  DALTON GOTTO SAMSON & KILGARD, P.L.C.
   3101 North Central Ave., Suite 900
10 Phoenix, AZ  85012-2600
   602.248.0088 (voice)/602.248.2822 (fax)
11
   Todd S. Collins
12 Jacob Goldberg
   BERGER & MONTAGUE, P.C.
13 1622 Locust Street
   Philadelphia, PA  19103
14 215.875.3000 (voice)/215.875.4604 (fax)

15 Attorneys for Plaintiff RUTH A. SPINDLER,
   On Behalf of Herself and All Others Similarly Situated
16

17                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
18                      SAN FRANCISCO DIVISION

19 | In re PROVIDIAN FINANCIAL CORP. | Master File No. C 01-3952 CRB |
   | SECURITIES LITIGATION | |
20 | | CLASS ACTION |
21 | | |
22 | This Document Relates to: | No. C-01-CV-5220(BZ) |
23 | | **PROOF OF SERVICE** |
   | RUTH A. SPINDLER, On Behalf of Herself and | |
24 | All Others Similarly Situated, | |
25 |                    Plaintiff, | |
26 |         v. | |
27 | PROVIDIAN FINANCIAL CORPORATION, | |
   |                    Defendant. | |
28

I, Meredith L. Gray, declare under penalty of perjury as follows:

I am a resident of the United States, over the age of eighteen (18) years, not a party to the within action, and competent to testify as to the matters herein set forth.

On March 14, 2002, I served a copy of:

- Amended Complaint for Violations of the Employee Retirement Income Security Act and Certification of Interested Entities or Persons; and

- Proof of Service

in the within action on all parties listed on the attached Service List via facsimile and by placing true and correct copies thereof, enclosed in sealed envelopes with first-class postage thereon fully prepaid, in the United States mail at Seattle, Washington.

Executed on March 14, 2002, at Seattle Washington.

_____/Meredith L. Gray/_____
Meredith L. Gray

**SERVICE LIST**

1

2   David A. Bain
    M. Krissi Temple
3   CHITWOOD & HARLEY
    2900 Promenade II
4   1230 Peachtree Street NE, Suite 2900
    Atlanta, GA  30309
5   *Lead Counsel for the Securities Plaintiffs*

6
    Gregory C. Braden
7   H. Douglas Hinson
    ALSTON & BIRD LLP
8   One Atlantic Center
    1201 West Peachtree Street
9   Atlanta, GA  30309-3424
    *Attorneys for Defendant Providian in ERISA actions*
10

11  Melvin R. Goldman
    Jordan Eth
12  Mia Mazza
    MORRISON & FOERSTER LLP
13  425 Market Street
    San Francisco, CA 94105-2482
14  *Attorneys for Defendant Providian in securities actions*

15
    Todd S. Collins
16  Jacob A. Goldberg
    BERGER & MONTAGUE
17  1622 Locust Street
    Philadelphia, PA  19103-6365
18

19  Ronald Lovitt
    J. Thomas Hannan
20  Henry I. Bornstein
    LOVITT & HANNAN, INC.
21  900 Front Street, Suite 300
    San Francisco, CA 94111
22

23  Ron Kilgard
    Doug Dalton
24  DALTON GOTTO SAMSON & KILGARD, P.L.C.
    3101 North Central Avenue, Suite 900
25  Phoenix, AZ 85012-2600
    *Attorneys for Plaintiff Spindler*
26

27

28

Reginald Terrell
LAW OFFICES OF JOHN BURRIS
7677 Oakport, Suite 1120
Oakland, CA  94621

Reginald Terrell
LAW OFFICE OF JOHN BURRIS
223 25th Street
Richmond, CA  94804
***Attorneys for Plaintiff Fred Williams***

Douglas S. Johnston
George E. Barrett
Timothy L. Miles
BARRET JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, TN  37201-1601
***Attorneys for Plaintiff Jeannie Lowery***

Robert Scott Dreher
JEFFREY & DREHER LLP
225 Broadway, 19th Floor
San Diego, CA  92101
***Attorneys for Plaintiff Jeannie Lowery and Plaintiff Ramon J. Holmes***

James G. Stranch, III
BRANSTETTER, KILGORE, STRANCH
        & JENNINGS
227 Second Avenue North
Nashville, TN 37201-1631
***Attorneys for Plaintiff Ramon J. Holmes***

Joe R. Whatley, Jr.
WHATLEY DRAKE LLC
2323 Second Avenue North
Birmingham, AL  35202-0647

Kirk B. Hulett
Blake M. Harper
HULETT HARPER LLP
550 West C Street, Suite 1770
San Diego, CA  92101

Robert A. Goodin
Wayne T. Lamprey
GOODIN, MACBRIDE, SQUERI, RITCHIE & DAY LLP
505 Sansome Street, Suite 900
San Francisco, CA  94111
***Attorneys for Plaintiff Veronica Melton***

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28